**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of,<br><br>FourWorld Global Opportunities Fund, Ltd., FourWorld Event Opportunities, LP, FourWorld Special Opportunities Fund, LLC, FW Deep Value Opportunities Fund I, LLC, Corbin ERISA Opportunity Fund, Ltd. and Harspring Capital, LP,<br><br>Petitioners, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Index No. 1:25-mc-00075 |

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

1. FourWorld Global Opportunities Fund, Ltd., FourWorld Event Opportunities, LP, FourWorld Special Opportunities Fund, LLC, FW Deep Value Opportunities Fund I, LLC and Corbin ERISA Opportunity Fund, Ltd. ("**FourWorld**") and Harspring Capital, LP ("**Harspring**," and together with FourWorld, "**Petitioners**") respectfully request an order in the form attached hereto permitting Petitioners to obtain limited discovery under 28 U.S.C. § 1782 (the "**Application**") for leave to serve a subpoena upon Barclays Bank PLC ("**Barclays**") for use in shareholder appraisal rights litigation (the "**Appraisal Proceedings**") pending in the Supreme Court of Bermuda (the "**Bermuda Court**"), to which Petitioners are a party. In support of their Application, Petitioners submit a Memorandum of Law and attach the Declarations of Delroy B. Duncan KC and Damián Vallejo (the "**Vallejo Declaration**"). Petitioners further state as follows:

2. Petitioners seek the assistance of this Court to obtain discovery from Barclays, who is "found" for purposes of Section 1782 in this District. Petitioners' requests (the "**Requests**") are set forth in the subpoena attached as Exhibit 1 to the Vallejo Declaration. As set forth in the

1

accompanying declarations, the discovery cannot be obtained in the underlying Appraisal Proceedings, but the Bermuda Court will be highly receptive to evidence sought here and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions, (1) Barclays is found in this district because it regularly transacts business and maintains its United States headquarters in this district, and the evidence sought by Petitioners from Barclays is the proximate result of its contacts to this district, (2) the discovery sought is to be used in the Appraisal Proceedings, and (3) Petitioners are "interested persons" in that proceeding.

5. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying Memorandum of Law: (1) Barclays is not a party to the foreign proceedings, (2) Bermuda courts will be receptive to judicial assistance from a U.S. court, (3) Petitioners are not attempting to circumvent foreign proof-gathering restrictions, and (4) the discovery sought is not intrusive or burdensome. See *Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004)*.

6.  Petitioners therefore respectfully request that this Court grant their application for an Order granting Petitioners leave to serve Barclays with the subpoena attached as Exhibit 1 to the Vallejo Declaration.

WHEREFORE, Petitioners respectfully request that this Court enter an Order:

1.  Directing Barclays to file any opposition to the Application within 28 days of service of the Application;

2.  Directing Petitioners to file any reply in support of the Application within 21 days of Barclays' opposition;

3.  Absent a timely opposition filed by Barclays, granting the Application and allowing Petitioners to serve the subpoena on Barclays;

4.  Retaining jurisdiction over this matter for purposes of enforcing the subpoena issued herein; and

5.  Ordering such other and further relief as the Court deems just and proper.

DATED this 27 day of February, 2025

By: /s/ Damian Vallejo

Dunning Rievman & MacDonald LLP
1350 Broadway, Suite 2220
New York, New York 10018
(202) 469-1470
dvallejo@drmlaw.com

Attorneys for Petitioners