# EXHIBIT 9

(b) that the plaintiff (not being a plaintiff who is suing in a representative capacity) is a nominal plaintiff who is suing for the benefit of some other person and that there is reason to believe that he will be unable to pay the costs of the defendant if ordered to do so, or

(c) subject to paragraph (2), that the plaintiff's address is not stated in the writ or other originating process or is incorrectly stated therein, or

(d) that the plaintiff has changed his address during the course of the proceedings with a view to evading the consequences of the litigation,

then if, having regard to all the circumstances of the case, the Court thinks it just to do so, it may order the plaintiff to give such security for the defendant's costs of the action or other proceedings as it thinks just.

(2) The Court shall not require a plaintiff to give security by reason only of paragraph (1)(c) if he satisfies the Court that the failure to state his address or the mis-statement thereof was made innocently and without intention to deceive.

(3) The references in the foregoing paragraphs to a plaintiff and a defendant shall be construed as references to the person (howsoever described on the record) who is in the position of plaintiff or defendant, as the case may be, in the proceeding in question, including a proceeding on a counterclaim.

**23/2 Manner of giving security**

2 Where an order is made requiring any party to give security for costs, security shall be given in such manner, at such time, and on such terms (if any), as the Court may direct.

**23/3 Saving for enactments**

3 This Order is without prejudice to the provisions of any enactment which empowers the Court to require security to be given for the costs of any proceedings.

## ORDER 24

## DISCOVERY AND INSPECTION OF DOCUMENTS

**24/1 Mutual discovery of documents**

1 (1) After the close of pleadings in an action begun by writ there shall, subject to and in accordance with the provisions of this Order, be discovery by the parties to the action of the documents which are or have been in their possession, custody or power relating to matters in question in the action.

(2) Nothing in this Order shall be taken as preventing the parties to an action agreeing to dispense with or limit the discovery of documents which they would otherwise be required to make to each other.

**24/2 Discovery by parties without order**

2 (1) Subject to the provisions of this rule and of rule 4, the parties to an action between whom pleadings are closed must make discovery by exchanging lists of documents and, accordingly, each party must, within fourteen days after the pleadings in the action are deemed to be closed as between him and any other party, make and serve on that other party a list of the documents which are or have been in his possession, custody or power relating to any matter in question between them in the action.

Without prejudice to any directions given by the Court under Order 16, rule 4, this paragraph shall not apply in third party proceedings, including proceedings under that Order involving fourth or subsequent parties.

(2) Unless the Court otherwise orders, a defendant to an action arising out of an accident on land due to a collision or apprehended collision involving a vehicle shall not make discovery of any documents to the plaintiff under paragraph (1).

(3) Paragraph (1) shall not be taken as requiring a defendant to an action for the recovery of any penalty recoverable by virtue of any enactment to make discovery of any documents.

(4) Paragraphs (2) and (3) shall apply in relation to a counterclaim as they apply in relation to an action but with the substitution, for the reference in paragraph (2) to the plaintiff, of a reference to the party making the counterclaim.

(5) On the application of any party required by this rule to make discovery of documents, the Court may—

(a) order that the parties to the action or any of them shall make discovery under paragraph (1) of such documents or classes of documents only, or as to such only of the matters in question, as may be specified in the order, or

(b) if satisfied that discovery by all or any of the parties is not necessary, or not necessary at that stage of the action, order that there shall be no discovery of documents by any or all of the parties either at all or at that stage;

and the Court shall make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the action or for saving costs.

(6) An application for an order under paragraph (5) must be by summons, and the summons must be taken out before the expiration of the period within which by virtue of this rule discovery of documents in the action is required to be made.

(7) Any party to whom discovery of documents is required to be made under this rule may, at any time before the summons for directions in the action is taken out, serve on the party required to make such discovery a notice requiring him to make an affidavit verifying the list he is required to make under paragraph (1), and the party on whom such a notice is served must, within fourteen days after service of the notice, make and file an affidavit in compliance with the notice and serve a copy of the affidavit on the party by whom the notice was served.

**24/3 Order for discovery**

3 (1) Subject to the provisions of this rule and of rules 4 and 8, the Court may order any party to a cause or matter (whether begun by writ, originating summons or otherwise) to make and serve on any other party a list of the documents which are or have been in his possession, custody or power relating to any matter in question in the cause or matter, and may at the same time or subsequently also order him to make and file an affidavit verifying such a list and to serve a copy thereof on the other party.

(2) Where a party who is required by rule 2 to make discovery of documents fails to comply with any provision of that rule, the Court, on the application of any party to whom discovery was required to be made, may make an order against the first-mentioned party under paragraph (1) of this rule or, as the case may be, may order him to make and file an affidavit verifying the list of documents he is required to make under rule 2 and to serve a copy thereof on the applicant.

(3) An order under this rule may be limited to such documents or classes of document only or to such only of the matters in question in the cause or matter, as may be specified in the order.

**24/4 Order for determination of issue, etc. before discovery**

4 (1) Where on an application for an order under rule 2 or 3 it appears to the Court that any issue or question in the cause or matter should be determined before any discovery of documents is made by the parties, the Court may order that that issue or question be determined first.

(2) Where in an action begun by writ an order is made under this rule for the determination of an issue or question, Order 25, rules 2 to 7, shall, with the omission of so much of rule 7(1), as requires parties to serve a notice specifying the orders and directions which they desire and with any other necessary modifications, apply as if the application on which the order was made were a summons for directions.

**24/5 Form of list and affidavit**

5 (1) A list of documents made in compliance with rule 2 or with an order under rule 3 must be in Form No. 26 in Appendix A, and must enumerate the documents in a convenient order and as shortly as possible but describing each of them or, in the case of bundles of documents of the same nature, each bundle, sufficiently to enable it to be identified.

(2) If it is desired to claim that any documents are privileged from production, the claim must be made in the list of documents with a sufficient statement of the grounds of the privilege.

(3) An affidavit made as aforesaid verifying a list of documents must be in Form No. 27 in Appendix A.

**24/6 Defendant entitled to copy of co-defendant's list**

6 (1) A defendant who has pleaded in an action shall be entitled to have a copy of any list of documents served under any of the foregoing rules of this Order on the plaintiff

by any other defendant to the action; and a plaintiff against whom a counterclaim is made in an action begun by writ shall be entitled to have a copy of any list of documents served under any of those rules on the party making the counterclaim by any other defendant to the counterclaim.

(2) A party required by virtue of paragraph (1) to supply a copy of a list of documents must supply it free of charge on a request made by the party entitled to it.

(3) Where in an action begun by originating summons the Court makes an order under rule 3 requiring a defendant to the action to serve a list of documents on the plaintiff, it may also order him to supply any other defendant to the action with a copy of that list.

(4) In this rule "list of documents" includes an affidavit verifying a list of documents.

**24/7 Order for discovery of particular documents**

7 (1) Subject to rule 8, the Court may at any time, on the application of any party to a cause or matter, make an order requiring any other party to make an affidavit stating whether any document specified or described in the application or any class of document so specified or described is, or has at any time been in his possession, custody or power, and if not then in his possession, custody or power when he parted with it and what has become of it.

(2) An order may be made against a party under this rule not withstanding that he may already have made or been required to make a list of documents or affidavit under rule 2 or rule 3.

(3) An application for an order under this rule must be supported by an affidavit stating the belief of the deponent that the party from whom discovery is sought under this rule has, or at some time had, in his possession, custody or power the document, or class of document specified or described in the application and that it relates to one or more of the matters in question in the cause or matter.

**24/8 Discovery to be ordered only if necessary**

8 On the hearing of an application for an order under rule 3 or 7 the Court, if satisfied that discovery is not necessary, or not necessary at that stage of the cause or matter, may dismiss or, as the case may be, adjourn the application and shall in any case refuse to make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the cause or matter or for saving costs.

**24/9 Inspection of documents referred to in list**

9 A party who has served a list of documents on any other party, whether in compliance with rule 2 or with an order under rule 3, must allow the other party to inspect the documents referred to in the list (other than any which he objects to produce) and to take copies thereof, and, accordingly, he must when he serves the list on the other party also serve on him a notice stating a time within seven days after the service thereof at which the said documents may be inspected at a place specified in the notice.