# EXHIBIT 26

# THE SUPREME COURT PRACTICE

## 1999

Volume 1

LONDON
SWEET & MAXWELL
1998

24/0/10 **The right to discovery**—It follows from what is said above that the existence and extent of a right of discovery depends upon whether the person from whom it is sought is a party to an action (not being an action for discovery only) a prospective party or a stranger. The position may be summarised as follows:

1. The rules in this Order are principally concerned with the discovery of documents between parties; such discovery may be "automatic" (in an action with pleadings, except in running down cases) or by order (rr.2 & 4).

2. Discovery of documents may be obtained by originating summons against a prospective defendant but only if the proposed claim is for damages for death or for personal injuries (r.7A).

3. As a general rule, discovery of documents cannot be obtained against a stranger; nor is it proper to join a stranger as a party merely for the purpose of discovery. If documents or information in the possession of a stranger are required, it is ordinarily necessary to call him as a witness at the hearing (*Burstall v. Beyfus* (1884) 26 Ch.D. 35 at 40 and 41, *per* Lord Selborne L.C.). As indicated above, exceptions to this rule are provided by r.7A, by applications of the principle derived from the *Norwich Pharmacal* case, and by the Court's power to attach to injunctions in aid of execution of judgments ancillary orders affecting third parties.

24/0/11 **Action for discovery**—As to the remedy of an action for discovery for the purpose of discovering the identity of a wrongdoer and for other purposes, see paras 24/2/2 *et seq.*, below.

24/0/12 **Privilege**—Some classes of documents, although they must be disclosed in the list of documents made in compliance with r.2 or with an order under r.3 as "relating to any matter in question" between the parties, may be privileged from production (*e.g.* on grounds of legal professional privilege). If it is desired to claim that any documents are so privileged, the claim must be made in the list of documents "with a sufficient statement of the grounds of the privilege" (r.5(2)). Production may be refused on grounds of privilege also in those situations where, contrary to the general rule, discovery may be obtained against a person who is not a party. The law of privilege is not found in the provisions of O.24 but in case law and statute and is stated in notes following r.5.

**Related sources**

24/0/13
- Supreme Court Act 1981, ss.33 and 34 (Vol. 2, Section 20A, paras 20A–215 to 20A–219)
- *Queen's Bench Practice Direction No. 8 (Case Management)*, para. 2(2a) (Vol. 2, Section 2C, paras 2C–22 to 2C–24) [Court will exercise its discretion to limit discovery]
- Chancery Guide, Sect. 3.4.11 (Discovery and Interrogatories) (Vol. 2, Section 2B, paras 2B–212 *et seq.*)
- Guide to Commercial Court Practice, Sect. XI (Discovery and Interrogatories) (para. 72/A14) and App. IV (Information for summons for directions) (para. 72/A50) and App. VI (Pre-Trial Check List) (para. 72/A52)
- CCR, O.14 (Discovery and Interrogatories)
- CCR, O.17, r.11(3) (Discovery under automatic directions)

**Forms**

24/0/14 The following Prescribed Forms in Appendix A are relevant to O.24 (see Vol. 2, Section 1A, paras 1A–24 and 1A–25):

- PF No. 26—List of documents (r.5)
- PF No. 27—Affidavit verifying list of documents (r.5)

The following Queen's Bench Masters' Practice Forms are relevant to O.24 (Vol. 2, Section 1B, paras 1B–34 and 1B–35):

- PF 45—Notice requiring affidavit verifying lists of documents (r.2(7))
- PF 50—Summons for directions pursuant to O.25 (para. 7)

## Mutual discovery of documents (O.24, r.1)

24/1 1.—(1) After the close of pleadings in an action begun by writ there shall, subject to and in accordance with the provisions of this Order, be discovery by the parties to the action of the documents which are or have been in their possession, custody or power relating to matters in question in the action.

(2) Nothing in this Order shall be taken as preventing the parties to an action agreeing to dispense with or limit the discovery of documents which they would otherwise be required to make to each other.

24/1/1 HISTORY OF RULE—Taken from O.24, r.1, of 1962 without alteration. Till then discovery of documents and interrogatories were dealt with in one Order (O.31).

employment during the course of the action; this fact must be communicated to the defendant and further discovery must be made (or, at all events, offered). In default, the plaintiff may be ordered to pay any costs occasioned by the failure to give discovery promptly.

See too *Vernon v. Bosley (No. 2)* [1997] 3 W.L.R. 683; [1997] 1 All E.R. 614 in which the Court of Appeal reaffirmed that a party to civil litigation was under a continuing obligation under RSC, O.24, r.1 until the conclusion of the proceedings to disclose all relevant documents whenever they came into his possession, unless they were clearly privileged from disclosure, notwithstanding that discovery by list or affidavit had already been made. Where, therefore, a document was disclosed to a party after he had closed his case, or the evidence as a whole was concluded, he should apply to the court to reopen the case in the light of the disclosure if the document was of real significance and there was otherwise a risk of injustice.

## Order for discovery (O.24, r.3)

**3.**—(1) Subject to the provisions of this rule and of rules 4 and 8, the Court may order any party to a cause or matter (whether begun by writ, originating summons or otherwise) to make and serve on any other party a list of the documents which are or have been in his possession, custody or power relating to any matter in question in the cause or matter, and may at the same time or subsequently also order him to make and file an affidavit verifying such a list and to serve a copy thereof on the other party. **24/3**

(2) Where a party who is required by rule 2 to make discovery of documents fails to comply with any provision of that rule, the Court, on the application of any party to whom the discovery was required to be made, may make an order against the first-mentioned party under paragraph (1) of this rule or, as the case may be, may order him to make and file an affidavit verifying the list of documents he is required to make under rule 2, and to serve a copy thereof on the applicant.

(3) An order under this rule may be limited to such documents or classes of document only, or to such only of the matters in question in the cause or matter, as may be specified in the order.

HISTORY OF RULE—Reproduces O.24, r.3, of 1962. **24/3/1**

**Effect of rule**—The objects of this rule (which, unlike the provisions for automatic discovery in r.2(1) is not limited to an action with pleadings) are (a) to enable a plaintiff to apply for discovery against a defendant in a running-down action where some issue calls for discovery (see r.2(2) and note); (b) to enable a party to apply for discovery by list, or for an order for an affidavit verifying a list, against a party who has not fulfilled his obligations under r.2; (c) to enable a party to an originating summons to apply for discovery, which will now normally be ordered if facts are in issue (*Coni v. Robertson* [1969] 1 W.L.R. 1007; [1969] 2 All E.R. 609). The application should normally be made, in an action, on the hearing of the summons for directions, and should not be supported by affidavit. **24/3/2**

For the meaning of the terms "documents . . . in his possession, custody or power," and "relating to the matter in question," see notes to r.2.

**Judicial review as a means of obtaining discovery**—The Court will in some cases enforce a right to inspect documents by mandamus or mandatory order made on application for judicial review. See *R. v. Southwold Corp.* (1907) 97 L.T. 431. *Cf. R. v. Bradford-on-Avon Rural District Council* (1908) 99 L.T. 89; *Davies v. Gas Light and Coke Co.* [1909] 1 Ch. 248 at 253; affirmed [1909] 1 Ch. 708, CA; *R. v. Godstone Rural District Council* [1911] 2 K.B. 465, parochial elector; *Cuff v. London and County Land and Building Co. Ltd* [1912] 1 Ch. 440, CA, refused to auditors of company on interlocutory application; *R. v. Hampstead Borough Council* (1917) 116 L.T. 213, refused to members of borough council as matter of discretion; *R. v. Barnes Borough Council, ex p. Conlan* [1938] 3 All E.R. 226 (similar case). See also *City of Birmingham District Council v. O.* [1983] A.C. 578; [1983] 1 All E.R. 497, HL. **24/3/3**

**Discovery in proceedings for judicial review**—O.24, r.3 (unlike O.24, rr.1 and 2) is wide enough in scope to apply to proceedings for judicial review. Therefore, although discovery is not automatic in judicial review proceedings, the court may order discovery where such an order is necessary for disposing of the matter fairly within the meaning of O.24, r.8 (*R. v. Inland Revenue Commrs., ex p. J. Rothschild Holdings p.l.c.* [1986] S.T.C. 410; (*aff.*) [1987] S.T.C. 163 CA). **24/3/4**

Because of the nature of an application for judicial review, discovery in judicial review proceedings is inevitably different from discovery in an action begun by writ; although the Court has power under O.24, r.3 to order discovery in judicial review proceedings, it will be appropriate in fewer cases and is likely to be more circumscribed (*R. v. Secretary of State for the Home Office, ex p. Harrison* [1988] 3 All E.R. 86, CA). A minister who had to make a decision as part of an appellate