# Exhibit 4

**COMPANIES ACT 1981**

    (b)    in respect of a merger, any proposed amendments to the memorandum of the surviving company, or if none are proposed, a statement that the memorandum of the surviving company immediately prior to the merger shall be its memorandum after the merger;

    (c)    the name and address of each proposed director of the amalgamated or surviving company;

    (d)    the manner in which the shares of each amalgamating or merging company are to be converted into shares or other securities of the amalgamated or surviving company;

    (e)    if any shares of an amalgamating or merging company are not to be converted into securities of the amalgamated or surviving company, the amount of money or securities that the holders of such shares are to receive in addition to or instead of securities of the amalgamated or surviving company;

    (f)    the manner of payment of money instead of the issue of fractional shares of the amalgamated or surviving company or of any other securities which are to be received in the amalgamation or merger;

    (g)    in respect of an amalgamation, whether the bye-laws of the amalgamated company are to be those of one of the amalgamating companies and, if not, a copy of the proposed bye-laws;

    (h)    in respect of a merger, any proposed amendments to the bye-laws of the surviving company or, if none are proposed, a statement that the bye-laws of the surviving company immediately prior to the merger shall be its bye-laws after the merger; and

    (i)    details of any arrangements necessary to perfect the amalgamation or merger and to provide for the subsequent management and operation of the amalgamated or surviving company.

    (2) If shares of one of the amalgamating or merging companies are held by or on behalf of another of the amalgamating or merging companies, the amalgamation or merger agreement shall provide for the cancellation of such shares when the amalgamation or merger becomes effective without any repayment of capital in respect thereof, and no provision shall be made in the agreement for the conversion of such into shares of the amalgamated or surviving company.

*[Section 105 repealed and replaced by 2011 : 43 s. 26 effective 18 December 2011]*

**Shareholder approval**

106    (1) The directors of each amalgamating or merging company shall submit the amalgamation agreement or merger agreement for approval to a meeting of the holders of shares of the amalgamating or merging company of which they are directors and, subject to subsection (4), to the holders of each class of such shares.

**117**

**COMPANIES ACT 1981**

(2) A notice of a meeting of shareholders complying with section 75 shall be sent in accordance with that section to each shareholder of each amalgamating or merging company, and shall—

(a) include or be accompanied by a copy or summary of the amalgamation agreement or merger agreement; and

(b) subject to subsection (2A), state—

(i) the fair value of the shares as determined by each amalgamating or merging company; and

(ii) that a dissenting shareholder is entitled to be paid the fair value of his shares.

(2A) Notwithstanding subsection (2)(b)(ii), failure to state the matter referred to in that subsection does not invalidate an amalgamation or merger.

(3) Each share of an amalgamating or merging company carries the right to vote in respect of an amalgamation or merger whether or not it otherwise carries the right to vote.

(4) The holders of shares of a class of shares of an amalgamating or merging company are entitled to vote separately as a class in respect of an amalgamation or merger if the amalgamation agreement or merger agreement contains a provision which would constitute a variation of the rights attaching to any such class of shares for the purposes of section 47.

(4A) The provisions of the bye-laws of the company relating to the holding of general meetings shall apply to general meetings and class meetings required by this section provided that, unless the bye-laws otherwise provide, the resolution of the shareholders or class must be approved by a majority vote of three-fourths of those voting at such meeting and the quorum necessary for such meeting shall be two persons at least holding or representing by proxy more than one-third of the issued shares of the company or the class, as the case may be, and that any holder of shares present in person or by proxy may demand a poll.

(5) An amalgamation or merger agreement shall be deemed to have been adopted when it has been approved by the shareholders as provided in this section.

(6) Any shareholder who did not vote in favour of the amalgamation or merger and who is not satisfied that he has been offered fair value for his shares may within one month of the giving of the notice referred to in subsection (2) apply to the Court to appraise the fair value of his shares.

(6A) Subject to subsection (6B), within one month of the Court appraising the fair value of any shares under subsection (6) the company shall be entitled either—

(a) to pay to the dissenting shareholder an amount equal to the value of his shares as appraised by the Court; or

(b) to terminate the amalgamation or merger in accordance with subsection (7).

**COMPANIES ACT 1981**

(6B) Where the Court has appraised any shares under subsection (6) and the amalgamation or merger has proceeded prior to the appraisal then, within one month of the Court appraising the value of the shares, if the amount paid to the dissenting shareholder for his shares is less than that appraised by the Court the amalgamated or surviving company shall pay to such shareholder the difference between the amount paid to him and the value appraised by the Court.

(6C) No appeal shall lie from an appraisal by the Court under this section.

(6D) The costs of any application to the Court under this section shall be in the discretion of the Court.

(7) An amalgamation agreement or merger agreement may provide that at any time before the issue of a certificate of amalgamation or merger the agreement may be terminated by the directors of an amalgamating or merging company, notwithstanding approval of the agreement by the shareholders of all or any of the amalgamating or merging companies.

*[Section 106 amended by 1994:22 effective 13 July 1994; amended by 2011 : 43 s. 27 effective 18 December 2011]*

**Short form amalgamation or merger**

107   (1) A holding company and one or more of its wholly-owned subsidiary companies may amalgamate and continue as one company or merge and the holding company continue as the surviving company without complying with sections 105 and 106 if—

(a) the amalgamation or merger is approved by a resolution of the directors of each amalgamating or merging company; and

(b) the resolutions provide that —

(i) the shares of each amalgamating or merging subsidiary company shall be cancelled without any repayment of capital in respect thereof;

(ii) the memorandum and bye-laws of the amalgamated or surviving company shall be the same as the memorandum and bye-laws of the amalgamating or merging holding company; and

(iii) no securities shall be issued by the amalgamated or surviving company in connection with the amalgamation or merger.

(2) Two or more wholly-owned subsidiary companies of the same holding company may amalgamate and continue as one company or merge and one of the wholly-owned subsidiary companies may continue as the surviving company without complying with sections 105 and 106 if —

(a) the amalgamation or merger is approved by a resolution of the directors of each amalgamating or merging company; and

(b) in respect of an amalgamation, the resolutions provide that —