# Exhibit 13



Our Ref: DBDKC-22644-001
dduncan@law.bm

26 March 2025

Conyers Dill & Pearman Limited
Clarendon House
2 Church Street
Hamilton, HM11

**Attention: Rhys Williams / Conor Doyle**

Dear Counsel

**In the Matter of Enstar Group Limited (Company)**
**Supreme Court of Bermuda Cause Nos. 333/2024 and 334/2024 (Proceedings)**

1   We refer to your letter dated yesterday, 25 March 2025, received at 5:35pm, and its enclosed mark-up to our proposed consent order (**Consent Order**). We note that it has taken you some ten days to respond to the Consent Order.

**Mutually available dates**

2   Your proposed amendments to paragraph 1 of the Consent Order are not agreed. Your proposal that the parties provide mutually available dates 21 days after the date of the order is contrary to Practice Direction A/50, contained in Circular No. 1 of 2025, which requires the "*parties to provide available dates within 7 calendar days with appropriate form, inclusive of an estimated hearing time…*"

3   The Plaintiffs do not agree to delay the listing of the directions hearing in this matter because the Defendant's preferred leading counsel – who it appears it has not yet instructed – has poor availability. There are numerous leading counsel who regularly act for subject companies in common law merger appraisal proceedings, including in Bermuda. The potential consequence of your preferred leading counsel delaying providing his availability is that the leading counsel is unavailable in June / July 2025 or the court no longer has availability.



4     The Plaintiffs have approached and obtained indicative availability from multiple potential leading counsel in order to accommodate a two-day remote hearing throughout June or July 2025. There is no reason why the Defendant cannot do the same.

5     Nevertheless, acting reasonably and in spirit of Overriding Objective, the Plaintiffs are willing to afford the Company a further 7 days from the date of the order to provide its leading counsel's availability. We note you first received our proposed directions order (**Directions Order**) and accompanying summons for directions on 7 March 2025. From that date until 7 days from the date of the order, you will have had nearly 4 weeks to collate your available dates for the directions hearing. This is more than ample time and four times longer than Practice Direction A/50 entitles you to.

**Comments on Directions Order**

6     Your proposed amendments to paragraph 2 of the Consent Order are not agreed. As stated above, you first received the Directions Order some three weeks ago. There is no reasonable justification for requiring an additional 21 days from the date of the order – which would be almost 6 weeks from the date you received the Directions Order – to provide your comments on the Directions Order, and you have failed to adequately explain why this is necessary.

7     While it is not accepted that your (as yet not instructed) leading counsel must review the Directions Order in order for your client to provide its comments on the same, you have not explained why said counsel cannot, for example, provide comments on the Directions Order before their limited availability in June and July, and your suggestion to delay the provision of comments on the Directions Order to 21 days from the date of the order appears untethered to this stated lack of availability. For the reasons outlined above, the progression of this proceeding should not be halted solely because of the lack of availability of overseas counsel who is yet to be instructed, and who has been identified in the knowledge of a stark lack of availability.

8     Additionally, we have reverted to our original language at paragraph 2 of the Consent Order, which requires the Defendant to provide amendments to the Directions Order, rather than a competing order. The Plaintiffs' proposal more efficiently leads to an outcome consistent with the Overriding Objective, unlike the Defendant's proposal which will make identifying areas of disagreement on the order unnecessarily difficult.



**Evidence**

9      The Plaintiffs agree to extend the proposed time to file evidence in paragraph 3(c), provided they receive an extension to the deadline for their evidence at paragraph 3(b) to 17 days.

**Amended orders**

10     The Plaintiffs remain committed to securing a listing for the directions hearing before the end of July 2025.

11     We **enclose** an updated draft consent order which we intend to submit to the Court at the mention hearing tomorrow, alongside this correspondence.

Yours faithfully
**TROTT & DUNCAN LIMITED**

*Trott & Duncan Limited*

Delroy B Duncan KC

Enc

TEL: 441.295.7444   FAX: 441.295.6600   EMAIL: info@td.bm   WEB: www.td.bm
17A Brunswick Street, Hamilton HM 10, Bermuda   MAIL TO: P.O. Box HM 2094, Hamilton HM HX, Bermuda

**IN THE SUPREME COURT OF BERMUDA**
**CIVIL JURISDICTION**
**COMMERCIAL COURT**
**2024 : Nos. 333 and 334**

IN THE MATTER OF THE AGREEMENT AND PLAN OF MERGER BY AND AMONG ENSTAR GROUP LIMITED, ELK BIDO LIMITED, ELK MERGER SUB LIMITED, DEER LTD. AND DEER MERGER SUB LTD. DATED AS OF 29 JULY 2024

AND IN THE MATTER OF A PROPOSES STATUTORY MERGER AGREEMENT BY AND AMONG DEER LTD., DEER MERGER SUB LTD. AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF A PROPOSED STATUTORY MERGER AGREEMENT BY AND AMONG DEER LTD. AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF A PROPOSED STATUTORY MERGER AGREEMEMT BY AND AMONG ELK BIDCO LIMITED, ELK MERGER SUB LIMITED AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF SECTION 106 OF THE COMPANIES ACT 1981

BETWEEN:

(1) FOURWORLD GLOBAL OPPORTUNITIES FUND, LTD
(2) FOURWORLD EVENT OPPORTUNITIES, LP
(acting through its general partner FOURWORLD CAPITAL, LLC)
(3) FOURWORLD SPECIAL OPPORTUNITIES FUNDS, LLC
(4) FW DEEP VALUE OPPORTUNITIES FUND I, LLC
(5) CORBIN ERISA OPPORTUNITY FUND, LTD.

**Plaintiffs (No. 333)**

HARSPRING CAPITAL, LP
(acting through its general partner HARSPRING CAPITAL ADVISORS, LLC)

**Plaintiff (No. 334)**

and

ENSTAR GROUP LIMITED

**Defendant**

**[CONSENT] ORDER FOR DIRECTIONS**

15933369.1

**Error! Unknown document property name.**Legal - 26009632.1

**UPON** the Plaintiffs' Originating Summonses dated 21 November 2024 seeking a fair value appraisal of their shares pursuant to s.106(6) of the Companies Act

**AND UPON** the Plaintiffs' Summons for Directions dated 7 March 2025 (**Summons for Directions**), and the draft directions order annexed to that Summons for Directions

[**AND UPON** the parties agreeing by consent the directions for the Summons for Directions]

**IT IS HEREBY ORDERED THAT:**

1. The parties shall submit their mutually available dates on a Form 31D on or before **[+7~~21~~ days from date of order, being 3 April 2025]** for a remote hearing on the first convenient date on or after 9~~8~~ June 2025, with a time estimate of 2 days;

2. The Defendant shall, on or before **[+14~~21~~ days from date of order, being 10 April 2025]** provide its proposed amendments to the ~~directions, if and to the extent they differ from the~~ Plaintiffs' draft directions order annexed to the Summons for Directions;

3. In respect of any disputed matters arising in relation to the draft directions order:

    (a) The parties shall have leave to adduce expert evidence;

    (b) The Plaintiffs shall on or before **[+17~~4~~ days from date of paragraph 2~~1~~, being 28 April 2025]**:

    (i) provide their proposed amendments to the Defendant's revised draft directions order provided in accordance with paragraph ~~1~~ 2 above; and

    (ii) file and serve any evidence they wish to rely upon at the hearing of the Summons for Directions (the **Directions Hearing**);

    (c) The Defendant shall file and serve any evidence in response to the Plaintiffs' evidence provided in accordance with paragraph 3~~32~~(b)(ii) above, on or before **[+21 days from paragraph 3~~2~~(b), being 19 May 2025]**; and

    (d) The Plaintiffs shall file and serve any evidence in response to the Defendant's evidence provided in accordance with paragraph 3~~32~~(c), on or before **[+14 days from paragraph 3~~2~~(c), being 2 June 2025]**.

15933369.1

**Error! Unknown document property name.**~~Legal    26009632.1~~

4. The parties shall file and serve their respective skeleton arguments for the Directions Hearing no later than **7 days** prior to Directions Hearing.

5. The Plaintiffs shall file and serve hearing bundles, including consolidated authorities bundles, no later than **5 days** prior to the Directions Hearing.

6. The Directions Hearing shall be listed for a two day remote hearing, on the first available dates convenient to the Court <ins>on or </ins>after <del>1</del>9 June 2025.

7. Liberty to apply.

8. Costs in the cause.

**Dated**        March 2025

> **THE HONOURABLE CHIEF JUSTICE / PUISNE JUDGE**
>
> **SUPREME COURT OF BERMUDA**

We, TROTT & DUNCAN LIMITED, Attorneys for the Plaintiffs, hereby consent to an order being made in the above terms.

_____

**TROTT & DUNCAN LIMITED**

We, CONYERS DILL & PEARMAN LIMITED, Attorneys for the Defendant, hereby consent to an order being made in the above terms.

_____

**CONYERS DILL & PEARMAN LIMITED**

15933369.1

**Error! Unknown document property name.**<del>Legal - 26009632.1</del>

**IN THE SUPREME COURT OF BERMUDA**
**CIVIL JURISDICTION**
**COMMERCIAL COURT**
**2024 : Nos. 333 and 334**

IN THE MATTER OF THE AGREEMENT AND PLAN OF MERGER BY AND AMONG ENSTAR GROUP LIMITED, ELK BIDO LIMITED, ELK MERGER SUB LIMITED, DEER LTD. AND DEER MERGER SUB LTD. DATED AS OF 29 JULY 2024

AND IN THE MATTER OF A PROPOSES STATUTORY MERGER AGREEMENT BY AND AMONG DEER LTD., DEER MERGER SUB LTD. AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF A PROPOSED STATUTORY MERGER AGREEMENT BY AND AMONG DEER LTD. AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF A PROPOSED STATUTORY MERGER AGREEMEMT BY AND AMONG ELK BIDCO LIMITED, ELK MERGER SUB LIMITED AND ENSTAR GROUP LIMITED

AND IN THE MATTER OF SECTION 106 OF THE COMPANIES ACT 1981

**BETWEEN:**

(1) FOURWORLD GLOBAL OPPORTUNITIES FUND, LTD
(2) FOURWORLD EVENT OPPORTUNITIES, LP
(acting through its general partner FOURWORLD CAPITAL, LLC)
(3) FOURWORLD SPECIAL OPPORTUNITIES FUNDS, LLC
(4) FW DEEP VALUE OPPORTUNITIES FUND I, LLC
(5) CORBIN ERISA OPPORTUNITY FUND, LTD.
**Plaintiffs (No. 333)**

HARSPRING CAPITAL, LP
(acting through its general partner HARSPRING CAPITAL ADVISORS, LLC)
**Plaintiff (No. 334)**

and

**ENSTAR GROUP LIMITED**
**Defendant**

**[CONSENT] ORDER FOR DIRECTIONS**

**TROTT & DUNCAN LIMITED**
**17A Brunswick Street**
**Hamilton HM 10**

**Attorneys for the Plaintiffs**

15933369.1

**Error! Unknown document property name.**Legal  26009632.1

DBDKC-22644-001

15933369.1

**Error! Unknown document property name.**Legal 26009632.1