# Exhibit 16

|  |  |
|---|---|
| Saving for enactments (O. 23, r. 3). | **3.** This Order is without prejudice to the provisions of any enactment which empowers the Court to require security to be given for the costs of any proceedings. |

## ORDER 24
## DISCOVERY AND INSPECTION OF DOCUMENTS

(R.S.C. 1978)

|  |  |
|---|---|
| Mutual discovery of documents (O. 24, r. 1). | **1.** (1) After the close of pleadings in an action begun by writ there shall, subject to and in accordance with the provisions of this Order, be discovery by the parties to the action of the documents which are or have been in their possession, custody or power relating to matters in question in the action.<br><br>(2) Nothing in this Order shall be taken as preventing the parties to an action agreeing to dispense with or limit the discovery of documents which they would otherwise be required to make to each other. |
| Discovery by parties without order (O. 24, r. 2). | **2.** (1) Subject to the provisions of this rule and of rule 4, the parties to an action between whom pleadings are closed must make discovery by exchanging lists of documents and, accordingly, each party must, within 14 days after the pleadings in the action are deemed to be closed as between him and any other party, make and serve on that other party a list of the documents which are or have been in his possession, custody or power relating to any matter in question between them in the action. Without prejudice to any directions given by the Court under Order 16, rule 4, this paragraph shall not apply in third party proceedings, including proceedings under that Order involving fourth or subsequent parties.<br><br>(2) Unless the Court otherwise orders, a defendant to an action arising out of an accident on land due to a collision or apprehended collision involving a vehicle shall not make discovery of any documents to the plaintiff under paragraph (1).<br><br>(3) Paragraph (1) shall not be taken as requiring a defendant to an action for the recovery of any penalty recoverable by virtue of any enactment to make discovery of any documents. |

(4) Paragraphs (2) and (3) shall apply in relation to a counterclaim as they apply in relation to an action but with the substitution, for the reference in paragraph (2) to the plaintiff, of a reference to the party making the counterclaim.

(5) On the application of any party required by this rule to make discovery of documents, the Court may —
  (a) order that the parties to the action or any of them shall make discovery under paragraph (1) of such documents or classes of documents only, or as to such only of the matters in question, as may be specified in the order; or
  (b) if satisfied that discovery by all or any of the parties is not necessary, or not necessary at the stage of the action, order that there shall be no discovery of documents by any or all of the parties either at all or at that stage,

and the Court shall make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the action or for saving costs.

(6) An application for an order under paragraph (5) must be by summons, and the summons must be taken out before the expiration of the period within which by virtue of this rule discovery of documents in the action is required to be made.

(7) Any party to whom discovery of documents is required to be made under this rule may, at any time before the summons for directions in the action is taken out, serve on the party required to make such discovery a notice requiring him to make an affidavit verifying the list he is required to make under paragraph (1), and the party on whom such a notice is served must, within 14 days after service of the notice, make and file an affidavit in compliance with the notice and serve a copy of the affidavit on the party by whom the notice was served.

**3.** (1) Subject to the provisions of this rule and of rules 4 and 8, the Court may order any party to a cause or matter (whether begun by writ, originating summons or otherwise) to make and serve on any other party a list of the documents which are or have been in his possession, custody or power relating to any matter in question in the cause or matter, and may at the same time or subsequently also order him to make and file an affidavit verifying such a list and to serve a copy thereof on the other party.

*Order for discovery (O. 24, r. 3).*

(2) Where a party who is required by rule 2 to make discovery of documents fails to comply with any provision of that rule, the Court, on the application of any party to whom discovery was required to be made, may make an order against the first-mentioned party under paragraph (1) of this rule or, as the case may be, may order him to make and file an affidavit verifying the list of documents he is required to make under rule 2 and to serve a copy thereof on the applicant.

(3) An order under this rule may be limited to such documents or classes of document only, or to such only of the matters in question in the cause or matter, as may be specified in the order.

Order for determination of issue, etc., before discovery (O. 24, r. 4).

**4.** (1) Where on an application for an order under rule 2 or 3 it appears to the Court that any issue or question in the cause or matter should be determined before any discovery of documents is made by the parties, the Court may order that that issue or question be determined first.

(2) Where in an action begun by writ an order is made under this rule for the determination of an issue or question, Order 25, rules 2 to 7, shall, with the omission of so much of rule 7(1) as requires parties to serve a notice specifying the orders and directions which they desire and with any other necessary modifications, apply as if the application on which the order was made were a summons for directions.

Form of list and affidavit (O. 24, r. 5).

**5.** (1) A list of documents made in compliance with rule 2 or with an order under rule 3 must be in Form No. 26 in Appendix A, and must enumerate the documents in a convenient order and as shortly as possible but describing each of them or, in the case of bundles of documents of the same nature, each bundle, sufficiently to enable it to be identified.

(2) If it is desired to claim that any documents are privileged from production, the claim must be made in the list of documents with a sufficient statement of the grounds of the privilege.

(3) An affidavit made as aforesaid verifying a list of documents must be in Form No. 27 in Appendix A.

**6.** (1) A defendant who has pleaded in an action shall be entitled to have a copy of any list of documents served under any of the foregoing rules of this Order on the plaintiff by any other defendant to the action; and a plaintiff against whom a counterclaim is made in an action begun by writ shall be entitled to have a copy of any list of documents served under any of those rules on the party making the counterclaim by any other defendant to the counterclaim. <span style="float:right">Defendant entitled to copy of co-defendant's list</span>

(2) A party required by virtue of paragraph (1) to supply a copy of a list of documents must supply it free of charge on a request made by the party entitled to it.

(3) Where in an action begun by originating summons the Court makes an order under rule 3 requiring a defendant to the action to serve a list of documents on the plaintiff, it may also order him to supply any other defendant to the action with a copy of that list.

(4) In this rule "list of documents" includes an affidavit verifying a list of documents.

**7.** (1) Subject to rule 8, the Court may at any time, on the application of any party to a cause or matter, make an order requiring any other party to make an affidavit stating whether any document specified or described in the application or any class of document so specified or described is, or has at any time been in his possession, custody or power, and if not then in his possession, custody or power when he parted with it and what has become of it. <span style="float:right">Order for discovery of particular documents (O. 24, r. 7).</span>

(2) An order may be made against a party under this rule notwithstanding that he may already have made or been required to make a list of documents or affidavit under rule 2 or rule 3.

(3) An application for an order under this rule must be supported by an affidavit stating the belief of the deponent that the party from whom discovery is sought under this rule has, or at some time had, in his possession, custody or power the document, or class of document specified or described in the application and that it relates to one or more of the matters in question in the cost or matter.

**8.** On the hearing of an application for an order under rule 3 or 7 the Court, if satisfied that discovery is not necessary, or not necessary at that stage of the cause or <span style="float:right">Discovery to be ordered only if necessary (O. 24, r. 8).</span>

|  |  |
|---|---|
| | matter, may dismiss or, as the case may be, adjourn the application and shall in any case refuse to make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the cause or matter or for saving costs. |
| Inspection of documents referred to in list (O. 24, r. 9). | **9.** A party who has served a list of documents on any other party, whether in compliance with rule 2 or with an order under rule 3, must allow the other party to inspect the documents referred to in the list (other than any which he objects to produce) and to take copies thereof, and, accordingly, he must when he serves the list on the other party also serve on him a notice stating a time within 7 days after the service thereof at which the said documents may be inspected at a place specified in the notice. |
| Inspection of documents referred to in pleadings and affidavits (O. 24, r. 10). | **10.** (1) Any party to a cause or matter shall be entitled at any time to serve a notice on any other party in whose pleadings or affidavits reference is made to any document requiring him to produce that document for the inspection of the party giving the notice and to permit him to take copies thereof. |
| | (2) The party on whom a notice is served under paragraph (1) must, within 4 days after service of the notice, serve on the party giving the notice a notice stating a time within 7 days after the service thereof at which the documents, or such of them as he does not object to produce, may be inspected at a place specified in the notice, and stating which (if any) of the documents he objects to produce and on what grounds. |
| Order for production for inspection (O. 24, r. 11). | **11.** (1) If a party who is required by rule 9 to serve such a notice as is therein mentioned or who is served with a notice under rule 10(1) — |

    (a) fails to serve a notice under rule 9 or, as the case may be, rule 10(2); or

    (b) objects to produce any document for inspection; or

    (c) offers inspection at a time or place such that, in the opinion of the Court, it is unreasonable to offer inspection then or, as the case may be, there,

then, subject to rule 13(1), the Court may, on the application of the party entitled to inspection, make an order for production of the documents in question for inspection at such time and place, and in such manner, as it thinks fit.

(2) Without prejudice to paragraph (1), but subject to rule 13(1), the Court may, on the application of any party to a cause or matter, order any other party to permit the party applying to inspect any documents in the possession, custody or power of that other party relating to any matter in question in the cause or matter.

(3) An application for an order under paragraph (2) must be supported by an affidavit specifying or describing the documents of which inspection is sought and stating the belief of the deponent that they are in the possession, custody or power of the other party and that they relate to a matter in question in the cause or matter.

**12.** At any stage of the proceedings in any cause or matter the Court may, subject to rule 13(1), order any party to produce to the Court any document in his possession, custody or power relating to any matter in question in the cause or matter and the Court may deal with the documents when produced in such manner as it thinks fit.

*Order for production to Court (O. 24, r. 12).*

**13.** (1) No order for the production of any documents for inspection or to the Court shall be made under any of the foregoing rules unless the Court is of opinion that the order is necessary either for disposing fairly of the cause or matter or for saving costs.

*Production to be ordered only if necessary, etc. (O. 24, r. 13).*

(2) Where on an application under this Order for production of any document for inspection or to the Court, privilege from such production is claimed or objection is made to such production on any other ground, the Court may inspect the document for the purpose of deciding whether the claim or objection is valid.

**14.** (1) Where production of any business books for inspection is applied for under any of the foregoing rules, the Court may, instead of ordering production of the original books for inspection, order a copy of any entries therein to be supplied and verified by an affidavit of some person who has examined the copy with the original books.

*Production of business books (O. 24, r. 14).*

    (2) Any such affidavit shall state whether or not there are in the original book any and what erasures, interlineations or alterations.

    (3) Notwithstanding that a copy of any entries in any book has been supplied under this rule, the Court may order production of the book from which the copy was made.

Document disclosure of which would be injurious to public interest: saving (O. 24, r. 15).

**15.** The foregoing provisions of this Order shall be without prejudice to any rule of law which authorises or requires the withholding of any document on the ground that the disclosure of it would be injurious to the public interest.

Failure to comply with requirement for discovery, etc. (O. 24, r. 16).

**16.** (1) If any party who is required by any of the foregoing rules, or by any order made thereunder, to make discovery of documents or to produce any documents for the purpose of inspection or any other purpose, fails to comply with any provision of that rule or with that order, as the case may be, then, without prejudice, in the case of a failure to comply with any such provision, to rules 3(2) and 11(1), the Court may make such order as it thinks just including, in particular, an order that the action be dismissed or, as the case may be, order that the defence be struck out and judgment entered accordingly.

    (2) If any party against whom an order for discovery or production of documents is made fails to comply with it, then, without prejudice to paragraph (1), he shall be liable to committal.

    (3) Service on a party's attorney of an order for discovery or production of documents made against that party shall be sufficient service to found an application for committal of the party disobeying the order, but the party may show in answer to the application that he had no notice or knowledge of the order.

    (4) An attorney on whom such an order made against his client is served and who fails without reasonable excuse to give notice thereof to his client shall be liable to committal.

Revocation and variation of orders (O. 24, r. 17).

**17.** Any order made under this Order (including an order made on appeal) may, on sufficient cause being shown, be revoked or varied by a subsequent order or direction of the Court made or given at or before the trial of the cause or matter in connection with which the original order was made.